O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ELIZABETH MONTANO, | Case No. EDCV 08-01622-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Elizabeth Montano seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**I.   Background**

Plaintiff filed her application for SSDI and SSI benefits on August 3, 2006, alleging disability as of September 1, 2003 due to asthma, psychotic disorder not otherwise specified, and anxiety disorder not otherwise specified. (Administrative Record ("AR") at 9, 77-81, 82-85.)

Plaintiff was born on August 27, 1972. (AR at 82.)  She completed the eleventh grade. (AR at 24.)  Plaintiff was previously employed as an assistant manager of a fast food restaurant and as a cocktail waitress. (AR at 93.)

Plaintiff's application was denied initially on October 18, 2006 and upon reconsideration on May 3, 2007. (AR at 45-48, 50-55.)  An administrative hearing was held on July 10, 2008, before ALJ F. Keith Varni. (AR at 23-40.)  Plaintiff, represented by attorney Bill LaTour, testified at the hearing. (AR at 23-39.)

On August 20, 2008, ALJ Varni denied Plaintiff's application for benefits. (AR at 9-20.)  The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2005.[1] (AR at 11.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 1, 2003, the alleged onset date. (Id.)  The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff suffered from the following severe impairments: asthma, psychotic disorder not otherwise specified, and anxiety disorder not otherwise specified. (Id.) However, Plaintiff's impairments did not meet nor were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.)  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels. (AR at 13.)  Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (Id.)

---

[1] Plaintiff must demonstrate that she was disabled on or before her date last insured in order to obtain Social Security disability benefits. *See Tidwell v. Apfel*, 161 F.3d 599, 600 (9th Cir. 1998).

On September 22, 2008, the Appeals Council denied review (AR at 1-3), and Plaintiff timely commenced this action for judicial review. On July 14, 2009, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly consider Plaintiff's treating physician's opinion regarding Plaintiff's need for medication and an adjustment in medication; (2) failing to properly consider Plaintiff's treating clinician's opinion; (3) improperly determining that Plaintiff's mental impairment was not severe; (4) failing to properly consider the consulting examining psychiatrist's opinion; and (5) failing to properly consider the mental and physical demands of Plaintiff's past relevant work. (Joint Stp. at 2-3). Plaintiff seeks reversal of the Commissioner's denial of her application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 25-26.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 27.)

## II. **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

### A. The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ erred in failing to discuss the fact that Plaintiff's treating psychiatrist, Dr. Donna Barrozo, had prescribed Plaintiff several psychotropic medications and had frequently adjusted the medication over a period of two years. (Joint Stp. at 3.)  Plaintiff argues that her need for multiple medications and frequent adjustment of the amount of medication "is indicative of a longitudinal history of a mental impairment." (Joint Stp. at 4.)  Although Plaintiff labels this claim as a failure by the ALJ to accord appropriate weight to the treating physician's opinion, Plaintiff in fact appears to be arguing that the ALJ failed to properly consider the type, dosage, effectiveness and side effects of Plaintiff's medication.

"The ALJ must consider *all factors* that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (emphasis in original) (quoting *Varney v. Secretary of Health & Human Serv.*, 846 F.2d 581, 585 (9th Cir. 1987)), *relief modified*, 859 F.2d 1396 (1988)).  Such factors "may include side

effects of medications as well as subjective evidence of pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("[S]ide effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized.") (citation omitted). However, Plaintiff bears the burden of producing medical evidence to show that any claimed side effects from medication are severe enough to interfere with her ability to work. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (finding that "passing mentions of the side effects of ... medication in some of the medical records" was insufficient evidence).

In support for her claim, Plaintiff relies on the *Complete Guide to Prescription & Nonprescription Drugs*, 2007 Edition, for a myriad of possible side effects caused by the medications Zoloft, Fluoxetine, Lexapro and Citalopram. (Joint Stp. at 4). The Court notes that the Social Security regulations do not require an ALJ to consider a claimant's medications as part of every disability determination. The mere fact that a claimant takes a certain medication, in and of itself, is not evidence that the claimant also experiences any one of the myriad possible side effects from that medication. Further, a simple recitation of potential side effects from a particular medication does not establish that *this* claimant experiences *these* side effects, which prevents him or her from working for *these* reasons.

This specific information must be presented to the ALJ as part of the claimant's burden to demonstrate disability. If Plaintiff's medications prevent her from working, she has to say so. Only at that point does the type, dosage, effectiveness, and side effects of medication become relevant, so the ALJ can evaluate Plaintiff's credibility. As the regulations make clear, the ALJ must consider these factors only "[w]hen additional information is needed to assess the

credibility of the individual's statements about symptoms and their effects," because "the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements." SSR 96-7p, 1996 WL 374186, at *3 (S.S.A. 1996). Absent an individual's claims of impairment at the outset, the ALJ has no duty to inquire into the claimant's medications.

Plaintiff has failed to demonstrate that side effects from her medications precluded her from engaging in any substantial gainful activity. During the administrative hearing, Plaintiff never mentioned any side effects from her medications or claimed that she was unable to work due to side effects. (AR at 23-39.) Nor was there any evidence in the record indicating that the side effects of Plaintiff's medications would have impaired her ability to work. *See Osenbrock*, 240 F.3d at 1164. Further, the ALJ did, in fact, consider Plaintiff's claims of side effects from her medication, including sleepiness, but noted that the alleged side effects had "never been medically established or documented." (AR at 17.) Therefore, no relief is warranted on this issue.

**B.  The ALJ Accorded Appropriate Weight to the Opinion of the Treating Clinician**

Plaintiff contends that the ALJ improperly disregarded a July 15, 2004 "Care Necessity" form completed by Plaintiff's treating clinician, Soojin Kim, M.F.T., which was filled out in order to aid Plaintiff in obtaining Medi-Cal services. (Joint Stp. at 9.) On the "Care Necessity" form, Ms. Kim noted that Plaintiff had a qualifying mental health diagnosis, along with a significant impairment in an important area of life functioning, and a probability of significant deterioration in an important area of life functioning. (AR at 195.) Plaintiff contends that

the ALJ improperly failed to discuss this form. (Joint Stp. at 10.)

As Plaintiff herself acknowledges, the July 15, 2004 "Care Necessity" form does not qualify as a "medical source opinion" because Ms. Kim, as a Marriage and Family Therapist, is not a licensed physician or other acceptable medical source. *See* 20 C.F.R. § 404.1513(a). Further, the "Care Necessity" form was not a medical source opinion because it was prepared to determine whether Plaintiff was eligible for Medi-Cal services, not for any of the purposes of a medical opinion as defined by the Commissioner's regulations. *See* 20 C.F.R. § 416.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Furthermore, "medical opinions," as defined in 20 C.F.R. § 416.927(a)(2), "are the only opinions entitled to controlling weight." Social Security Ruling ("SSR") 96-2p. Therefore, error did not result from the ALJ's failure to discuss the "Care Necessity" form because it is not an acceptable "medical opinion" under the Social Security Regulations. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that the ALJ is "not required to discuss evidence that is neither significant nor probative"). Accordingly, this issue is without merit.

**C.   The ALJ Properly Determined that Plaintiff's Mental Impairment Was Not Severe**

Plaintiff claims that the ALJ improperly found that her mental impairment is not severe. (Joint Stp. at 12-13.) Plaintiff contends, as discussed above, that the fact that she is on multiple medications and that the dosages of her medications have been frequently adjusted over

the past two years indicates that her mental impairment is severe. (Joint Stp. at 13.) Plaintiff also claims that her mental impairment is severe because her treating clinician, Ms. Kim, determined that Plaintiff has a qualifying mental health diagnosis, as noted on a July 15, 2004 "Care Necessity" form. (Id.)

A claimant for disability benefits has the burden of producing evidence to demonstrate that he or she was disabled within the relevant time period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." See SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Here, Plaintiff has not offered sufficient evidence to demonstrate that her mental impairment had more than a minimal effect on her ability to perform work-related functions during the relevant time period. As discussed previously, the mere fact that Plaintiff is taking multiple

medications and has had to have the dosages of those medications adjusted, does not, without more, establish that Plaintiff has a severe mental impairment. Also, as discussed above, the "Necessity Care" form completed by Soojin Kim, M.F.T., does not establish that Plaintiff suffers from a severe mental impairment because it is not an acceptable medical source opinion.

The ALJ properly relied upon the opinions of the examining consultative psychiatrist, Dr. Linda M. Smith, and the State Agency reviewing psychiatrist, Dr. Barbara Smith, in concluding that Plaintiff does not have a severe mental impairment. (AR at 18-19, 168-175, 247-257.) Both psychiatrists found that Plaintiff could perform the basic work activities of understanding, remembering and carrying out simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with routine changes in a work setting. (AR at 168-175, 247-257.) Plaintiff has failed to establish that she had a severe mental impairment prior to her date last insured of December 31, 2005. Accordingly, this argument is without merit.

**D.  The ALJ Properly Considered the Opinion of the Consulting Examining Psychiatrist**

Plaintiff contends that the opinion of the consultative examining psychiatrist, Dr. Linda M. Smith, should not have been credited by the ALJ because it is internally inconsistent. (Joint Stp. at 18.) The ALJ gave "significant weight" to the opinion of Dr. Linda Smith, because it was "not inconsistent with the overall medical evidence." (AR at 18.) In an October 9, 2006 psychiatric evaluation of Plaintiff, Dr. Smith first stated that there were no psychiatric records available for review. (AR at 168.) However, later in the psychiatric evaluation, Dr. Smith

references Plaintiff's medical records regarding her prescription for Zoloft. (AR at 170.) Plaintiff argues that this discrepancy makes Dr. Smith's psychiatric evaluation internally inconsistent and therefore, the ALJ should not have given significant weight to the opinion. (Joint Stp. at 18.)

Although the October 9, 2006 psychiatric evaluation conducted by Dr. Linda Smith states that there were no psychiatric records to review, it is obvious from a review of the evaluation that Dr. Smith did in fact review Plaintiff's medical records from Riverside County Public Health. (AR at 159-167.) Dr. Smith referenced these records multiple times during her psychiatric evaluation of Plaintiff. (AR at 170-171.) The psychiatric evaluation does not appear to be internally inconsistent, and therefore, the ALJ gave proper weight to the opinion of the examining consultative psychiatrist, Dr. Linda M. Smith. Accordingly, this claim is without merit.

**E.   The ALJ Properly Determined that Plaintiff is Able to Perform Her Past Relevant Work**

Plaintiff contends that the ALJ erred by failing to discuss any of the mental and physical demands of Plaintiff's past relevant work. (Joint Stp. at 21.) The ALJ determined that Plaintiff "is capable of performing her past relevant work as an assistant manager in a fast food restaurant, cocktail waitress, and invoice clerk. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 C.F.R. 404.1565 and 416.965)." (AR at 20.) Plaintiff argues that the ALJ erred in concluding that Plaintiff retained the RFC to perform all exertional work without providing specific findings or analysis regarding the mental and physical demands of her past relevant work or how these demands relate to Plaintiff's RFC.

(Joint Stp. at 23.)

Plaintiff "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." *Allen v. Secretary of Health & Human Serv.*, 726 F.2d 1470, 1472 (9th Cir. 1984). Moreover, it is Plaintiff's burden to prove that she cannot return to her former *type* of work, not just to her former job. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). A claimant is not disabled if she can perform the duties of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

Plaintiff has not produced any evidence to show that she is unable to perform her past relevant work. Further, the ALJ's findings under step four of the sequential evaluation process, as well as other evidence in the record supports the ALJ's determination that Plaintiff is capable of engaging in work at all exertional levels. The ALJ properly relied upon consultative examiner Dr. Linda M. Smith's independent examination and report in determining Plaintiff's RFC. (AR at 18.) *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on an applicant's RFC may itself constitute substantial evidence if it rests on independent examination). Dr. Smith concluded that there was no psychiatric evidence that Plaintiff was at all impaired in her ability to work. (AR at 174.) The ALJ also properly relied upon the opinion of the State Agency reviewing psychiatrist, Dr. Barbara Smith, in finding that Plaintiff retained the RFC to perform work at all exertional levels. (AR at 12, 19-20, 247-258.) This constitutes substantial evidence that Plaintiff can perform work at all exertional levels.

\\
\\

**IV. CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: July 30, 2009

_____
Marc L. Goldman
United States Magistrate Judge